[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15440

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00866-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO SUAREZ,
a.k.a. Wilson Rosario,
a.k.a. Andre Hernandez,
OMAR SUAREZ,
a.k.a. Alison Monteblanco,
ANIBAL AVILLA,
a.k.a. Anibal Avila,
LUIS FERNANDO SICARD,
a.k.a. Fercha,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2005)

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and Hunt[*], District Judge.

PER CURIAM:

Francisco Suarez, Omar Suarez, Anibal Avilla, and Luis Fernando Sicard appeal the denial of their motion for new trial, filed after this Court affirmed their convictions and sentences for drug offenses in United States v. Suarez, 313 F.3d 1287 (11th Cir. 2002). In their motion for new trial, they alleged that newly discovered evidence – the indictment in Arizona of Umberto Ruiz and Hiram Torres Rodriguez, two of their original co-defendants, for their involvement in a cocaine conspiracy – would have proved their defense of multiple conspiracies at trial. Appellants further alleged that this evidence demonstrated that the government fabricated the conspiracy for which they were convicted, and that it had been suppressed by the government in violation of Brady v Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

We review both the denial of an evidentiary hearing and the denial of a motion for a new trial based on an alleged Brady violation for abuse of discretion. United States v. Fernandez, 136 F.3d 1434, 1438 (11th Cir. 1998); United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002).

---

[*] Honorable Willis B. Hunt, Jr., United States Senior District Judge for the Northern District of Georgia, sitting by designation.

We have considered the original trial of this case, the record on appeal, and the briefs and argument of counsel, and find no abuse of discretion. Appellants have not shown that there is a reasonable probability that the outcome of their trial would have been different had the Arizona indictment been known to them. At their trial, there was extensive independent evidence tying Appellants to the charged conspiracy, and the events underlying the Arizona indictment were known to appellants and to the jury who had heard evidence that Ruiz had been investigated in Illinois on other drug charges. Moreover, the jury was instructed as to the law on multiple conspiracies, which Appellants asserted and argued both at trial and on appeal. We are satisfied that there is no reasonable probability that the Arizona indictment would have resulted in a different outcome regarding the Appellants' guilt on the charges brought against them for the conspiracy that was charged and proved in this case.

**AFFIRMED.**